**IN THE UNITED STATES DISTRICT COURT FOR THE** APR 1 3 2009
**EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Donald Jones,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:09cv213 (LO/IDD)** |
| | ) | |
| **C. Burke,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Donald Jones, a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant, an investigator at the Brunswick Correctional Center ("BCC"), violated plaintiff's Fourteenth Amendment right to due process at plaintiff's disciplinary hearing. After reviewing plaintiff's complaint, the claim against defendant must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

### I. Background

Plaintiff, a former inmate at BCC, states that on January 31, 2008, he was accused of making threats or plans to escape by defendant Investigator C. Burke. Compl. Att. A 1. According to

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

plaintiff, Burke received a tip from an informant that plaintiff was going to fake an illness to go to the hospital and then attempt to escape. Compl. Att. A. 1. Plaintiff alleges that he was taken to the Community Memorial Health Center on January 29, 2008, as a result of stomach pains. Compl. Att. A 1. According to plaintiff, he was examined by a doctor, who performed tests on plaintiff, and plaintiff was then admitted to the hospital. Compl. Att. A. 1. Plaintiff states that he was informed that his pancreas was enlarged and that his "white blood cells were fighting the virus." Compl. Att. A 1. Plaintiff claims that he was told that he might have to undergo surgery if treatment did not work, though he does not specify what that treatment was. Compl. Att. A.1. After three days in the hospital, plaintiff was released back to BCC. Compl. Att. A 1. Upon his return, plaintiff was placed in segregation, pending an investigation into the allegations of the informant. Compl. Att. A. 1.

During the investigation, Burke questioned plaintiff about his hospital stay. Compl. Att. A 2. Burke also contacted the hospital, and stated that according to officials there, no medical documentation existed to support plaintiff's claim. Compl. Att. A 2. On February 6, 2008, plaintiff was transferred to the Greensville Correctional Center, and on February 8, he received a disciplinary report for making threats or plans to escape. Compl. Att. A 2. Immediately following receipt of this report, plaintiff invoked his right to request documentary evidence, witness statements, and his medical records from the hospital. Compl. Att. A 3. On the day of the hearing, plaintiff was informed that all of his requests were denied. Compl. Att. A 3. Plaintiff attaches copies of these denials to his complaint. Plaintiff states that the denial of his requests amounts to a violation of his Fourteenth Amendment right to due process, as he was unable to bring forth evidence that was "left out" of the investigation, and that he was not able to defend himself against the allegations contained in the informant's statement. Compl. Att. A. 3-4. Following his hearing, plaintiff was sentenced to

thirty days in isolation with credit for time served and ninety days loss of good time credits, and he was referred to classification for appropriate housing and security. Attach. to Compl. Plaintiff seeks $300,000 in compensatory damages, and $100,000 in punitive damages. Compl. Att. A. 4.

## II. Standard of Review

Pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

## III. Merits

Although the Constitution does not guarantee good-time credit for "satisfactory behavior" while in prison, once that right is created by the state and the state recognizes that the deprivation of such credits is "a sanction authorized for major misconduct, the prisoner's interest has real

3

substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." Id. at 556. In other words, "the full panoply of rights" inherent in a criminal prosecution is not afforded to inmates during a prison disciplinary hearing, as there must be "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id.

Pursuant to the Supreme Court's decision in Wolff, the Fourth Circuit has made clear that when inmates face the loss of good time credits, they "are entitled to advance written notice of the claimed violation, as well as a written statement concerning the evidence relied upon and the reasons for the disciplinary action taken." Brown v. Braxton, 373 F.3d 501, 504 (4th Cir. 2004). However, "inmates are not entitled to confront the witnesses against them, nor are they guaranteed the right to retained or appointed counsel." Id. at 504-05. With regard to presenting evidence in the inmate's defense, the inmate has "the qualified right 'to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 505 (quoting Wolff, 418 U.S. at 566). Thus, prison officials have the discretion to keep the hearing within "reasonable limits," to refuse witness requests, and to limit access to collect statements or to compile other documentary evidence. Wolff, 418 U.S. at 566. Furthermore, prison officials may refuse witness requests when such requests are irrelevant, not necessary, or present a hazard in an individual case. Id.

In the instant case, plaintiff argues that his due process rights were violated because his requests for documentary evidence, witness statements, and his medical records were all denied. However, under the requirements of Wolff, plaintiff received all process to which he was entitled at his disciplinary hearing.  In support of his complaint, plaintiff attaches the Disciplinary Offense Report he received, which informed plaintiff of the charges against him, the evidence relied upon to bring the charges, and the rights he had in relation to his hearing, including the right to appear at his hearing, to request witnesses and documentary evidence, and to have assistance at his hearing. Plaintiff also attaches the Disciplinary Offense Report he received after his hearing, which indicates the finding of guilt, the evidence relied upon in support of that determination, and the penalty imposed.  The hearing officer found that plaintiff made threats or plans to escape on the basis of a statement from a reliable confidential witness who had proven to be accurate in six or seven previous investigations, and the fact that plaintiff's medical records failed to corroborate plaintiff's alleged medical issues. See Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990) (holding that the statement of an unidentified informant, combined with additional evidence that supported the informant's statement, satisfied plaintiff's right to due process under Wolff).

More importantly for resolution of his instant claims, plaintiff attaches copies of each witness request form he submitted to prison officials, as well as his requests for documentary evidence. Plaintiff requested the statements of numerous individuals, specifically: (1) Dr. Harris, who released plaintiff from the hospital; (2) Dr. Adams, who informed plaintiff that his pancreas was enlarged; (3) Mrs. Wesley, who was in the room when Dr. Adams told plaintiff about his enlarged pancreas; (4) Mr. Garnes, a transportation officer who stayed at the hospital with plaintiff; (5) Mrs. Terry, a transportation officer who took plaintiff to the hospital; (6) Mr. Farrar, a transportation officer who

took plaintiff to the hospital; and (7) Mr. Goodrich, an officer who stayed at the hospital with plaintiff. Plaintiff sought each witness for the purpose of corroborating his assertions regarding his medical issues. Upon review of plaintiff's requests, the hearing officer determined that none of plaintiff's witnesses was relevant and that their statements would not be obtained. In light of the fact that plaintiff's medical records, which detailed his treatment and diagnoses at the hospital, were present at his hearing, it was both reasonable and within the officer's discretion to determine that additional statements from those individuals relating to plaintiff's medical issues would be irrelevant for the purposes of the disciplinary hearing. Wolff, 418 U.S. at 566. Thus, the decision not to obtain the statements requested by plaintiff did not violate plaintiff's due process rights.

Plaintiff also requested to be provided with the note submitted by the informant to the investigator detailing the threat or plan of escape, and copies of his medical records from the hospital and Brunswick Correctional Center. However, the hearing officer determined that the note would not be obtained because it was restricted for security reasons. Such a determination "serves legitimate penological interests." Brown, 373 F.3d at 506. As the Supreme Court noted in Wolff, prisoners are "subject to the unwritten code that exhorts inmates not to inform on a fellow prisoner," 418 U.S. at 562, and those who violate that "code" are vulnerable to repercussions from other inmates. Brown, 373 F.3d at 506. To reveal the information provided by, and possibly the identity of, the informant by giving plaintiff a copy of the note could have put the informant at risk, so denying plaintiff's request for that evidence did not violate his right to due process. Finally, although plaintiff's request for his medical records was denied because he failed to have a witness sign his evidence request form, it is also clear from the attachments submitted by plaintiff that his medical records were, in fact, present at his hearing. Therefore, even assuming that denial of

plaintiff's request violated his rights, that violation would have been cured by the presence of the records at the hearing.

## IV. Conclusion

For the above reasons, plaintiff has failed to state a claim against the named defendant. Accordingly, the instant civil action will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g), this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Memorandum Opinion and Order to plaintiff, and to close this civil case.

Entered this __13th__ day of __April__ 2009.

Alexandria, Virginia

_____/s/_____
Liam O'Grady
**United** States District Judge